IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUNITHA MURATHOTY,   }<br>    }<br>    Plaintiff,   }<br>    }<br>v.   }<br>    }<br>EPL, Inc.,   }<br>    }<br>    Defendant.   } | CIVIL ACTION NO.<br><br>2:15-cv-1015-WMA |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion (Doc. 12) of defendant EPL, Inc., for leave to file a counterclaim.[1] EPL seeks to assert a fraud claim against plaintiff Sunitha Murathoty, alleging that she misrepresented her experience and background on her resume while seeking employment with EPL and had a third party participate in a phone interview on her behalf.

The court entered a scheduling order in this matter on September 9, 2015, which imposed a deadline on EPL to amend the pleadings by December 31, 2015. EPL filed the present motion on March 22, 2016, nearly three months after the deadline. This deadline may be modified only on a showing of "good cause." Fed. R. Civ. P. 16(b)(4); *see also Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), LTD.*, 521 F. App'x 798, 800 (11th Cir. 2013). "[T]he diligence of the party seeking leave to amend [is] a factor in the good-cause analysis." *Id.* A lack of diligence is

---

[1] The court initially set the motion for a hearing on April 14, 2016. After consideration, however, the court finds a hearing to be unnecessary.

demonstrated if "the information providing the basis for the proposed amendment was available to the party before the deadline." *Id.*

EPL argues that it has demonstrated good cause for its late motion because Murathoty was not deposed until March 3, 2016, and the basis for the counterclaim was only learned by EPL's attorney after investigating Murathoty's testimony. (Doc. 12 at 2). EPL's own submissions, however, belie that assertion. In its answer and in the present motion, EPL asserts that it discovered that Murathoty misrepresented her qualifications on her resume while investigating her EEOC charge. (Docs. 5 at 7, 12 at 5). The information necessary to support the counterclaim, then, was plainly available to EPL before the expiration of the deadline to amend the pleadings. *See Green Island Holdings*, 521 F. App'x at 800 (noting that the denied amendment "bore similarity to the affirmative defense that the Answer had originally included, implying that the basis for the proposed affirmative defense should have been available before the deadline for amended pleadings"). That the phone interview issue may not have been discovered until Murathoty's deposition is of no consequence. Plaintiffs are not typically aware of all facts supporting their claims until discovery, but that does not preclude them from asserting claims based on the known facts. Accordingly, EPL's motion (Doc. 12) for leave to file a counterclaim is DENIED.[2] The hearing set for April

---

[2] Additionally, the court is not certain that it would have subject-matter jurisdiction over the counterclaim. "[A] federal court cannot consider a permissive counterclaim unless the

14, 2016, is CANCELLED.

DONE this 11th day of April, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

counterclaimant asserts an independent jurisdictional basis." *East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning and Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989). The proposed counterclaim does not assert a federal question or invoke the court's diversity jurisdiction. Whether EPL's claims "arise out of a common nucleus of operative fact" with Murathoty's claim of employment discrimination and thus sufficiently invoke supplemental jurisdiction under 28 U.S.C. § 1367 is very much an open question. *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678 (11th Cir. 2012).